**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:26-mj-298 |
| | ) | |
| ALLAN A. BERNSTEIN | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO ADMIT EVIDENCE UNDER RULE 404(b)**

The defendant, Allan Bernstein, by counsel, opposes in part the government's Motion in Limine to Admit Evidence Under Fed. R. Evid 404(b) (ECF 40). Specifically, the defendant has no objection to the government eliciting testimony that, on the day of the offense, the officer who observed and detained Mr. Bernstein was aware from CIA records that Mr. Bernstein had previously been advised he could not enter CIA property "without proper authorization or invitation," which is reflected in his incident report. The officer could testify to this fact, without objection from the defense, on the basis of either his own knowledge or on the basis of his review of non-hearsay business records. No other fact about Mr. Bernstein's alleged attempt to enter the CIA in 2024, however, has any bearing on this case. And to the extent any such evidence were minimally probative and potentially relevant for any non-prohibited purpose under Fed. R. Evid. 404(b), its admission would in any event be inadmissible as cumulative and unduly prejudicial. *See* Fed. R. Evid. 403.

Moreover, the admission of the prior-act evidence would needlessly result in what is likely to be contested evidence over unadjudicated, uncharged conduct. For

example, while the government refers to the prior incident as an "uncharged trespassing," *see* ECF 40 at 1, that characterization depends on the unadjudicated assertion that the attempted entry on the earlier date was criminal in nature. Given that the defendant was reportedly waving his arms in the air on that date, as if to get the attention of security personnel as he approached the controlled access point, there would be a dispute whether he had the necessary *mens rea* for a criminal offense, which requires consciousness of wrongdoing. See *Elonis v. United States*, 575 U.S. 723, 734 (2015) ("wrongdoing must be conscious to be criminal"); *see also Ruan v. United States*, 597 U.S. 450, 457 (2022); *Rehaif v. United States*, 588 U.S. 225, 229 (2019). Given the vanishingly thin relevance of the prior incident—beyond the fact of a prior warning not to enter, which can be admitted without admitting other evidence about the prior incident—a trial within a trial over the prior uncharged allegation is unnecessary to the trial and far more likely to result in "unfair prejudice . . . undue delay [and] wasting time" than to establish anything relevant to the charged trespassing offense. *See* Fed. R. Evid. 403.

For example, one reason the government cites for admission of the prior incident is to prove identity. *See* ECF 40 at 4. On the date of the charged incident, however, the incident report states that Mr. Bernstein was "immediately stopped" upon entering a secure area and "[i]dentified by his Washington, D.C. Driver's License." In other words, there is no reason to believe that identity will be an issue at trial, nor that any evidence about the 2024 incident would prove anything relevant about identity with respect to the 2025 incident.

Accordingly, for all these reasons, the government's motion to admit evidence under Fed. R. Evid. 404(b) should be denied with the exception of testimony about the arresting officer's knowledge that Mr. Bernstein had previously been directed not to enter CIA property without authorization.

Respectfully submitted,

ALLAN A. BERNSTEIN

By Counsel:

Geremy C. Kamens
Federal Public Defender


By:               /s/
Todd M. Richman, VA Bar No. 41834
Assistant Federal Public Defender
Counsel for Mr. Bernstein
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
todd_richman@fd.org